Veronica Liebesman v. Commissioner.
Liebesman v. Commissioner
Docket No. 3337-63.
United States Tax Court
T.C. Memo 1966-88; 1966 Tax Ct. Memo LEXIS 194; 25 T.C.M. (CCH) 488; T.C.M. (RIA) 66088; April 27, 1966
*194 Held: Petitioner, having failed to prove that she was not a business partner of her husband during the year in question, as determined by respondent, is taxable on her distributable share of partnership business net income. Under local law her distributable share was one-half. Morris A. Herson, for the petitioner. Paul H. Frankel and Joseph M. Touhill, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined for the calendar year 1959 a deficiency in petitioner's income tax in the amount of $5,343.94 and a delinquency penalty under section 6651(a) of the 1954 Code in the amount of $1,335.99. The only issue for our decision is whether or not petitioner was a partner during the taxable year with her then husband, Aaron Liebesman, in the operation of a department store business so that a portion of the income from said business is taxable to her. Petitioner has not disputed respondent's determination of the total net income earned by the business in 1959. Petitioner conceded at trial that if she is held liable for the asserted deficiency, she will be liable for the delinquency penalty. Findings of Fact During the year 1959 petitioner was married to Aaron Liebesman and resided in Rensselaer, New York. For the years *196 1956, 1957, and 1958 the petitioner and Aaron Liebesman filed joint Federal income tax returns. For the year 1959 Aaron Liebesman filed an individual return but petitioner filed no return. In 1949 Aaron Liebesman began a retail business known as Lewis Department Store. On February 27, 1953, a "Certificate of Partnership of Aaron Liebesman and Veronica M. Liebesman, his wife, Doing Business as Lewis Department Store" was filed in the Troy, New York City Clerk's office. This agreement is signed by Aaron Liebesman and the petitioner and provides, in pertinent part, that they intend to conduct or transact business "as partners under a partnership agreement, under the name and style of Lewis Department Store" and that they are the "successors in interest to Aaron Liebesman, doing business as Lewis Department Store." No Federal partnership income tax returns were ever filed for the Lewis Department Store. In 1949 Aaron Liebesman, individually, signed a 5-year lease as lessee of the main floor and cellar of a building at 105 Broadway, Rensselaer, New York, to be used as a retail store. In 1951 he signed a supplemental lease for the "first flat over store" in the same building, the latter *197 lease to terminate on the same date in 1954 as the former. Both of these leases granted the lessee an option to renew for an additional five years beyond the original term, to March 31, 1959. Both of these options were exercised by Aaron Liebesman in 1954. In May 1955, the lessor granted to Aaron Liebesman, individually, further options to renew these two leases for additional 5-year terms from March 31, 1959. During 1959 the Lewis Department Store business was operated through three stores, a large store at 112 Broadway, managed by Aaron Liebesman, and two smaller stores at 105 Broadway and 1 Chestnut Street, respectively, managed by petitioner. Petitioner participated with her husband in working on the books of the business. During 1959 a business checking account was maintained at a Rensselaer, New York, bank in the name of Lewis Department Store. Prior to October 19, 1959, checks could be drawn on this account by either petitioner or Aaron Liebesman. However, on October 19, 1959, a new signature card was filed requiring the signature of both petitioner and Aaron Liebesman on Lewis Department Store checks. Both petitioner and Aaron signed checks on this account during 1959. *198 This followed a period of marital strife and discord between petitioner and Aaron. On September 9, 1959, another checking account at the same bank had been opened in the name of "Mrs. Veronica M. Liebesman," the petitioner. During September and October, 1959, petitioner wrote more than 70 checks on this account for an aggregate amount in excess of $10,000 to pay expenses of the Lewis Department Store. During 1959 there existed no specific agreement, verbal or written, between petitioner and Aaron Liebesman as to the division of profits or losses of the Lewis Department Store. They generally understood and agreed, however, that they would share equally in the family partnership enterprise. For the year 1954 petitioner and Aaron Liebesman filed a joint Federal income tax return showing $4,976.91 as net profit from the Lewis Department Store business. For the same year, Aaron filed an individual New York State income tax return in which he reported the entire $4,976.91 net business profit as his individual income and in which he answered "no" to the question whether his wife had separate income. For the years 1956, 1957, and 1958 petitioner and Aaron filed joint income tax returns. *199 On the front page of the 1040 form for each of these years there is provided space for the Social Security number and occupation of both husband and wife. On the 1956 form filed by petitioner and Aaron, the occupation of the latter is stated as "Store owner." On both the 1957 and 1958 forms Aaron Liebesman's occupation is stated as "Retail Store Operator." The spaces for the wife's Social Security number and occupation are left blank on the joint returns filed by petitioner and Aaron for each of the three years, 1956, 1957, and 1958. As part of the 1040 return for each of these three years a single Computation of Self-Employment Tax (for Social Security) was included, in the name of Aaron Liebesman only. This computation for each of these years showed as net earnings from self-employment the entire net profit of Lewis Department Store as computed on Schedule C each year. Employer's Quarterly Federal Tax Returns for reporting withholding tax were filed regularly during 1955, 1956, and 1958 in the name of "Aaron Liebesman [or "A. Liebesman"], DBA Lewis Dept. Store." In 1960 the Liebesmans' regular accountant became ill. An extension of time for filing the 1959 income tax return *200 due April 15th was obtained until June 15th. On the day prior to the due date for filing this income tax return, Aaron and a public accountant worked together for approximately 12 hours preparing the Schedule C report of business profit for Lewis Department Store for 1959. The public accountant retained a pencil copy of the Schedule C prepared at this session. This copy shows total receipts of $122,607.63, gross profit (after cost of goods sold) of $24,055.46, total "other business deductions" of $22,400.12, and net profit of $1,655.34. Aaron was not satisfied that this was accurate. He therefore did further checking himself the following day and learned that additional sales had not been included. Instead of filing the joint return, as prepared by the public accountant, for Aaron and Veronica, Aaron prepared another return (hereinafter sometimes called the "revised" return) in his own handwriting and in his own name individually. This latter return contained a Schedule C which was identical to the Schedule C in the original return with the following exceptions: The total receipts and gross profit were each $12,125 greater than the corresponding figures in the original return; there *201 was included in "other business deductions" an amount of $12,125 which was not included in "other business deductions" in the original return. This additional $12,125 deduction was explained as "Paid to Partner Veronica Liebesman Additional Salary." Total receipts and total deductions both having been increased by an equal amount ($12,125), the net profit shown on the revised return was the same $1,655.34 as shown on the original return. Aaron filed this revised return as his own individual return for 1959. He advised petitioner of this and prepared a rough draft of a return for petitioner showing receipt by her of $12,125 from the Lewis Department Store. The original proposed joint return was never filed, and petitioner did not file any return for 1959. On March 12, 1960, petitioner and Aaron entered into a written agreement containing the following pertinent provisions: WHEREAS, on or about February 27, 1953, the parties hereto entered an agreement in writing, whereby they formed a partnership to engage in the dry goods business under the firm name of "LEWIS DEPARTMENT STORE", and WHEREAS, the said parties have agreed to dissolve their said partnership: NOW, THEREFORE, IT *202 IS MUTUALLY AGREED AS FOLLOWS: 1. That the aforesaid partnership is hereby dissolved as of this date. * * *
3. That the party of the first part hereby assigns, transfers, bargains and sells to the party of the second part all his right, title and interest in the stores at 105 Broadway, Rensselaer, New York and 1 Chestnut Street, Rensselaer, New York, the Hilltop Branch, including the stock, merchandise and fixtures in both stores; and, in consideration thereof, the party of the second part hereby assigns, transfers, bargains and sells to the party of the first part all of her right, title and interest in the store at 112 Broadway, Rensselaer, New York, including the stock, merchandise and fixtures in said store. 4. That for the further consideration of the mutual covenants herein and the sum of One ($1.00) Dollar, lawful money of the United States of America, the receipt whereof is hereby acknowledged, the party of the first part agrees as follows: * * *
B. That he shall assign the leases to the premises at 105 Broadway and 1 Chestnut Street, both in Rensselaer, New York, to the party of the second part. C. That he shall pay all the outstanding indebtedness arising *203 out of the partnership's business and operations incurred to the late of these presents, and save the party of the second part harmless from any and all claims and liabilities existing at the time of this transfer and incurred and arising out of the partnership herein being dissolved. On March 15, 1960, a "Certificate of Discontinuance of Business as Partners" was filed by the petitioner and Aaron with the Troy, New York, City Clerk's office. On February 3, 1961, in connection with an "Action for a Separation" by Veronica Liebesman against Aaron in a New York state court, petitioner filed an "Affidavit" in the nature of a petition or complaint in which she made the following sworn statements: * * *
That on or about and in the month of October, 1960, the defendant [Aaron Liebesman] brutally assaulted your deponent [Veronica Liebesman], at the premises 112 Broadway, Rensselaer, New York, where the parties hereto had a business, * * * [Emphasis supplied.] * * *
That heretofore the plaintiff [Veronica Liebesman] and defendant were in partnership, conducting three notion and variety stores in Rensselaer, New York, and on or about and between January 1, 1960, and *204 March 12, 1960, the defendant compelled your deponent to disolve [dissolve] the partnership. By virtue of the dissolution of the partnership the defendant retained for himself the one store which was the only real paying proposition of the entire three and despite his agreement to pay all of the outstanding creditors, in compliance with the Bulk Sales Law, defendant refused and neglected to do so - as a result of which your deponent was compelled to pay all of the outstanding bills in excess of $5,000.00. This seriously depleted all of the ready cash available that your deponent had and your deponent is presently in straightened financial circumstances. The respondent, through one of his revenue agents, audited the 1959 income tax return filed by Aaron; he examined the Lewis Department Store's 1959 income and, based upon information supplied by the petitioner and Aaron, determined that the gross receipts of the stores' operations in 1959 were correctly reported in Aaron's 1959 return as $134,732.63, and their net income aggregated $17,623.28. Respondent determined in the deficiency notice issued to petitioner that petitioner's distributable share of partnership income was the full *205 amount of $17,623.28. Ultimate Finding of Fact Petitioner was a partner with Aaron during 1959 in the business known as Lewis Department Store. Opinion The issue before us is purely a question of fact. Commissioner v. Tower, 327 U.S. 280 (1946). The mediate facts which we deem significant elements in arriving at our finding of ultimate fact are set forth in detail above. Our finding of ultimate fact is determinative of the principal issue herein. Though the case is a close one, with significant evidence both supporting and contradicting petitioner's position, we have concluded, giving every consideration to the factors supporting petitioner, that she has failed to carry her burden of convincing us of error in respondent's determination that a partnership existed. The following factors are significant to our conclusion (see section 1.704-1(e)(2)(vi), Income Tax Regs.): Petitioner joined with her husband in filing with local authorities a "Certificate of Partnership." Such action has important legal consequences by giving notice to the general public that the business is holding itself out as a partnership, and it also indicates an *206 intent on the part of petitioner to become her husband's business partner under state law. Petitioner and Aaron also took formal legal action to dissolve the partnership and divide the business properties between them. Petitioner participated in the operation and financial management of the business. Petitioner signed business checks. Petitioner alleged the existence of a partnership in a sworn affidavit filed in her action for separation. Petitioner's oral testimony attempting to deny or explain away these facts was lacking in candor and unconvincing; in many instances it was directly contradicted by oral testimony of Aaron. Furthermore, her apparent agitation and emotional excitement about the manner in which her husband had allegedly attempted to get her into trouble with the taxing authorities had an unfortunate adverse effect upon her credibility as a witness to the objective facts which would aid the Court in deciding the question whether a partnership in fact existed for tax purposes. In her attempt to emphasize her husband's alleged malevolence and that she never actually received the amounts attributed as payments to her in Aaron's individual 1959 return, petitioner overlooks *207 the fact that if a partnership existed she would be taxable on her portion of partnership income whether or not she actually received any distribution. Lois Reynolds Atkins, 15 T.C. 128 (1950), acq. on another issue, 1950-2 C.B. 1. Sec. 1.702-1(a), Income Tax Regs.
We have not overlooked the facts in petitioner's favor, that no partnership returns were ever filed, that store lease renewals and employer's quarterly withholding tax returns were in the name of Aaron alone, and that the total business net profit was allocated to Aaron for Social Security (self-employment tax) reporting. These and other facts of record tend to indicate that the Liebesmans regarded the business as owned solely by Aaron. However, these facts are not conclusive, and as already stated, they are insufficient to carry petitioner's burden of proof in the face of the above-mentioned contrary evidence. The significance of failure to file partnership returns is dimmed by the fact that total business income was reported on annual joint returns filed by the partners for years prior to 1959, and the annual joint tax liability would have been the same whether or *208 not partnership information returns had been filed. Petitioner has not challenged respondent's determination that the net income of Lewis Department Store was $17,623.28 for 1959. [1] Having found that petitioner was a partner in the business for Federal income tax purposes, we are now faced with the question: What portion of the total partnership income is taxable to petitioner? Respondent has determined that petitioner's "share" of partnership income is the entire amount of $17,623.28. The petitioner and Aaron did not have a specific agreement for the division of the Lewis Department Store's profits, but, as our findings reflect, they had a general understanding that they were 50-50 partners. Section 1.761-1(c), Income Tax Regs., provides that where the partnership agreement is silent, "the provisions of local law shall be considered to constitute a part of the agreement." Section *209 40 of the New York Partnership Law states that, absent a contrary agreement, partners "share equally in the profits" of the partnership. Thus, under the applicable local law, the petitioner's distributive share consisted of at least half of the Lewis Department Store's 1959 income. Respondent agrees with this on brief. Respondent then argues, however, that the entire partnership income should be taxed to petitioner because she has not carried her burden of proving that her distributive share was less than 100 percent. Respondent's determination that petitioner is chargeable with her partner's one-half interest as well as her own on the theory that "a partner's distributive share also includes partnership income appropriated from other partners" is completely without merit here; the evidence before us amply establishes that petitioner did not appropriate Aaron's share or receive all of the partnership income in the year before us. We hold that petitioner's distributable share of partnership net income in 1959 was one-half of $17,623.28. Petitioner has conceded that she is liable for the delinquency penalty if a deficiency is sustained. The amount of the penalty, based upon our *210 determination of the amount of the deficiency, may be computed under Rule 50. Decision will be entered under Rule 50. Footnotes
1. Although petitioner's counsel claimed during opening statements at trial that petitioner disputes this determination, no allegation of error was raised with respect thereto in the pleadings, and no competent evidence to prove the determination erroneous was introduced.↩